TUCKER MFG. CO. v. CROSS et al.

(Circuit Court of Appeals, Fifth Circuit.
November 27, 1925.)

No. 4630.

Patents ⚖➾327—Decree in patent infringement suit held res judicata in subsequent suit between same parties.

Decree that there was no infringement of patent for spoke tightener *held* res judicata in subsequent suit between same parties or privies; that incision in outer margin of device involved in second suit had been lengthened not constituting substantial difference in form of device in first suit.

Appeal from the District Court of the United States for the Northern District of Texas; James Clifton Wilson, Judge.

Suit by the Tucker Manufacturing Company against Claud Cross and others. Decree for defendants, and plaintiff appeals. Affirmed.

Percy S. Webster, of Stockton, Cal., and A. L. Jackson, of Fort Worth, Tex., for appellant.

Sam. J. Callaway and Burney Braly, both of Fort Worth, Tex., for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. Appellant sued for infringement of its patent, the principal object of which was to provide a washer, or shim, which could be placed between the spoke shoulder and felly of a wooden wheel and around the tenon of the spoke, so as to take up wear due to friction and shrinkage, and tighten the spokes to the rim of the wheel. A claim of the patent is as follows:

"A spoke tightener, comprising a shim member provided with an orifice to receive the tenon of a spoke, said shim being cut through from the outer edge to the orifice, and from the opposite side of the orifice to a point short of the adjacent outer edge; the shim before placement being spread apart at the cut-through edges to allow the tenon to pass therethrough; the opposite incision then spreading to form a V, whose sides are in alignment with the first-named edges, whereby, on pinching the spread portions together, the V-shaped incision will close proportionately with the closing of the cut-through edges."

The District Court, upon consideration of the evidence, sustained a plea of res judicata, and dismissed the bill of complaint.

It is conceded that, in a prior suit brought by appellant for infringement of the same device, a decree was entered on the merits, holding that there had been no infringement, and that the defendants in that suit and in this were the same, or were in privity with each other. The plea, therefore, is good, unless the defendants in this suit, appellees here, were using a washer substantially different from the washer which it was unsuccessfully claimed in the first suit constituted an infringement. The washer involved in the first suit has a U-shaped incision in the outer periphery and a more elongated incision in the inner periphery. The two incisions are opposite each other. In the washer involved in this suit, the incisions are simply reversed. That is the only difference.

Appellant contends that it is an important and material one, in that by placing the elongated incision in the outer periphery the washer will not crack or break, as the washer is bent around the tenon of the spoke, because the strain is spread along the length of the incision; whereas the washer will break with the U-shaped incision on the outer periphery, because the length of the incision is less. The complaint reduces itself to this: That the incision in the outer margin of the washer has been lengthened. But the difference is only one of degree, and in the very element that distinguishes each of the washers claimed to be an infringement from appellant's device which lays no claim to an incision in the outer margin of the washer, but only calls for a cut from the inside to a point short of the outside.

In our opinion there is no substantial difference between the washer involved in this suit and that involved in the prior suit, set up by the plea of res judicata.

The decree is affirmed.